TORRUELLAS, PLAINTIFF AND APPELLANT, *v.* SANABRIA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for Annulment.

No. 1725.—Decided July 22, 1918.

PRIORITY OF TITLE—RECORD OF TITLE—DOUBLE SALE—FRAUD.—It appears that the property involved in this case was sold first to Manuela and Esperanza Gómez, the grantors of the plaintiffs, and then to Manuela Bernard, the grantor of the defendants, and that the plaintiff did not record his title in the registry, but the defendants recorded theirs. The issue being thus joined, it was held that the plaintiff having introduced no evidence in regard to the fraud attributed to the defendant purchasers and the evidence that the said purchasers had knowledge of the sale from which the plaintiff derived his title being insufficient, notwithstanding the fact that the sale to the plaintiff was made prior to the sale by which the defendants took

title the district court was justified in finding for the defendants in accordance with section 1376 of the Civil Code and articles 36 and 38 of the Mortgage Law.

The facts are stated in the opinion.

The parties did not appear at the hearing on the appeal.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This action is for the annulment of contracts and records. On June 23, 1899, Pedro Paoli y Cintrón died in Mayagüez. His will contains the following clause:

"The flat-roofed masonry house, also hereinbefore mentioned and situated on Candelaria Street of this city, is devised to Engracia Sanabria y Paoli and Manuela and Esperanza Gómez y Paoli as joint owners of one-third each in fee, it being the will of the testator Paoli that these devises shall be delivered to the devisees after the death of his wife, Manuela Bernard, who shall enjoy the usufruct of the said devised properties during her life; and in case of the death of any of the devisees, it is the will of the said testator that the interest of the deceased shall pass to the surviving devisees. And that by the seventh clause of the said will Manuela Bernard y Lacourt, the wife of Pedro Paoli, was made his sole and universal heir."

On January 13, 1908, Manuela Bernard, Engracia Sanabria and Manuela and Esperanza Gómez Paoli, the two last named, who were minors, being represented by their tutor, Florencio Comelín, appeared before a notary and Manuela Bernard, the universal heir, delivered to the devisees their devises, consisting of the title in fee to the said house, reserving to herself the right of usufruct during her life.

On the twentieth of the same month and year another public instrument was executed by which the devisee Engracia Sanabria, joined by her husband, sold her joint interest to the other devisees, Gómez y Paoli, for the sum of $300.

Manuela Gómez y Paoli died on January 15, 1915, and by a deed of May 11, 1916, Esperanza Gómez y Paoli sold to Cruz Bernard for $600 all of her rights in the said house, to wit, the bare ownership in fee and one-half of the usufruct.

By a deed of May 29, 1916, the purchaser finally sold her interests to plaintiff Pablo Torruellas for the sum of $750. Such is the history of the plaintiff's title as recited in the complaint and fully established at the trial.

The plaintiff further alleges that on May 25, 1916, Manuela Bernard, the heiress Engracia Sanabria, one of the devisees, and her husband, fraudulently entered into an agreement and executed a deed before Notary Ramírez Vigo, in which they caused it to appear that Engracia Sanabria was the owner of the property and sold it to Manuela Bernard for a simulated consideration of $500. That in furtherance of their fraudulent scheme defendant Manuela Bernard instituted possessory title proceedings in September, 1916, and succeeded in having the court decree that Pedro Paoli had proved his possessory title to the property, and it was so recorded in the registry. That in further pursuance of their fraudulent scheme Manuela Bernard and Engracia Sanabria caused the will of Paoli to be recorded in the registry and by proving the death of the two devisees Manuela and Esperanza Gómez, succeeded in having recorded the absolute title to the fee in the name of Engracia Sanabria and the usufruct in the name of Manuela Bernard, finally obtaining a record of absolute ownership in the name of Manuela Bernard by virtue of the record of the said deed of May 25, 1916.

And the plaintiff further alleges that defendants Bernard and Sanabria fraudulently sold the property to defendant Rodolfo Ramírez Vigo, who knew that the vendor owned only one-half of the usufruct of the property.

The answer of the defendants may be summarized as follows:

They admit the validity of the will of Paoli and contend that according to its terms the two devisees Esperanza and Manuela Gómez having died during the lifetime of the heiress, all the rights to the fee passed to defendant Engracia Sanabria; that Engracia Sanabria sold her interest to the

heiress Manuela Bernard, who thus became the absolute owner of the property, and as such sold it eventually to Ramírez Vigo. The defendants contend that the contract by which Cruz Bernard appears to have sold the property to plaintiff Torruellas was simulated, as was also the deed of January 20, 1908, by which the devisee Sanabria appears as selling her interest to the other devisees Gómez Paoli.

The case having been thus submitted to the court, it gave judgment against the plaintiff, who thereupon took the present appeal.

The trial court failed to consider in its opinion the question raised by the defendants as to whether, notwithstanding the transactions that took place between the heiress and the devisees, the surviving devisee, under the will of the testator, the two other devisees having died during the lifetime of the heiress, became the sole owner of the fee and as such could legally convey it to the heiress. Said court held that the case was one of a double sale and expressed itself as follows:

"The essential point to be considered is whether or not the sale made by Manuela Bernard to Rodolfo Ramírez Vigo is null and void.

"This court is of the opinion not only that the invalidity of the said deed has not been proved, but also that the complaint contains no allegation specifying what acts were performed by defendant Ramírez Vigo from which it can be deduced that he knew that the vendor's title was null and void. Only a conclusion of law is alleged and the defendant is not called upon to answer this. In the absence of such allegation no cause of action exists, nor is there any evidence of any kind in support of the nullity or simulation set up in the complaint with regard to the other deeds.

"In the court's opinion the question here raised is disposed of by section 1376 of the Civil Code, which provides that if the same thing should have been sold to different vendees and is real property, it shall belong to the person acquiring it who first recorded it in the registry.

"In this case Engracia Sanabria sold her interest in the house described in the second clause of the complaint first to Manuela and Esperanza Gómez, from whom the cause of action and title of the

plaintiff is derived, and again to Manuela Bernard, from whom defendant Rodolfo Ramírez Vigo derives his title.

"The plaintiff did not record his title, but defendant Ramírez Vigo recorded his; consequently the latter is the owner of the property in controversy.

"Moreover, the provisions of articles 36 and 38 of the Mortgage Law, which are especially applicable to this case, must be taken into consideration. They read as follows:

" 'Art. 36.—Rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests in accordance with the provisions of this law.

" 'Art. 38.—As a consequence of the provisions of article 36, no instrument or contract shall be annulled or rescinded to the prejudice of a third person who shall have recorded his interest, for any of the following causes:

＊　　＊　　＊　　＊　　＊　　＊　　＊

" '4. On account of a duplicate sale of the same thing when one of the sales has not been recorded.'

"And, taking into consideration the fact that the property in dispute was sold twice and that the plaintiff brought his action because his title was not recorded and on that ground prays for the annulment of the defendant's title which is recorded, the court concludes that the plaintiff has no cause of action."

We have carefully examined the appellant's brief and are of the opinion that the trial court did not commit any of the errors assigned.

The plaintiff introduced no evidence of any kind in connection with the fraud attributed to vendee Ramírez Vigo; and as to the knowledge which the latter might have had of the previous sale of the property to the plaintiff, there was only offered in evidence a certificate signed by said Ramírez Vigo as notary public subjoined to a certain copy of a deed. It does not appear that the attention of the district court was called to that certificate. The document was clearly introduced for another purpose. Besides, it is so vague and so susceptible of different interpretations that it cannot serve as a basis for concluding from it alone that

when Ramírez Vigo acquired the said property he knew that it had already been sold to the plaintiff.

This being the case, it is not necessary to enter upon a consideration of any of the other questions that may be involved in the action, for if Ramírez Vigo acquired the property validly, any right which the plaintiff may have in the property is wholly inefficacious. His title was destroyed by the superior title of the defendant.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.